UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                                Case No.

**McLEOD, JOHN**                                          **6:09-bk-18281-KSJ**
**McLEOD, TERESA**

       Debtors

## SECOND AMENDED CHAPTER 13 PLAN

The debtors hereby submit the following Amended Chapter 13 Plan:

1. The future earnings of the Debtors are submitted to the supervision and control of the Bankruptcy Court, and the debtors shall pay to the trustee the sum of **$1,990.00** per month for months one (1) through six (6); **$2,100.00** for months seven (7) through fifteen (15) and then **$2550.00** beginning in month sixteen (16) for a total of SIXTY (60) months.

2. From the payments submitted by the debtors, the trustee shall make distribution as follows:

    A. **Trustee & Attorney Fees**

    (1) The fees and expenses of the trustee shall be paid over the life of the plan at the rate established by the United States Trustee.

    (2) Debtors owe attorney fees to **Robert Zipperer** in the amount of **$3,000.00** which the trustee shall pay at the rate of **$150.00** per month for months one (1) through six (6) and then **$233.34** beginning in month seven (7) through fifteen (15) months.

    B. **Priority & Secured Claims**

    (1) **Aurora Loan Servicing** holds a first mortgage on debtors' residence. The trustee shall make the regular monthly payment of **$1,657.91** beginning in month one and continuing over the life of the plan. The debtors are currently in arrears on the mortgage in the amount of **$26,878.74** which the trustee should pay at the rate of **$597.56** per month for months sixteen (16) through sixty (60).

    (2) **Bank of America** holds a second mortgage on debtors' residence. There is no equity in the property and a Motion to Strip the Second Mortgage will be filed.

    (3) **Chase Mortgage** holds a third mortgage on debtors' residence. There is no equity in the property and a Motion to Strip the Third Mortgage will be filed.

    (4) **Chase Home Mortgage** holds a mortgage on debtors' property at 2904 Ash Dr, Leesburg, Florida. The debtors are current and will make the payments by automatic debit from their checking account.

    (5) **21st Century** holds the mortgage on the debtors' property in Wildwood, Florida. This property will be surrendered to the creditor.

    (6) **Bank of America/Countrywide Home Loans** holds the mortgage on the debtors' property in Lake Panasafokee, Florida. This property will be surrendered to the creditor.

    (7) **Robert Zipperer** will receive long term administrative fees in the amount of **$1,500.00** which the trustee shall pay at the rate of **$50.00** per month for months thirty one (31) through sixty (60).

    C.    **Unsecured Claims**

        The trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided.

        The value as of the date of the filing of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors was liquidated under Chapter 7 of the Bankruptcy code on such date.

3. Any creditor's claim filed after the bar date (or 180 days from the date of debtor's filing for governmental units) will receive no distribution under this plan unless specifically provided for above or unless debtor files the same on behalf of a creditor.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Sec. 506(d).

5. Title to debtor's property shall revest in the debtor upon confirmation of this plan.

6. Except as provided for in the plan, the order confirming plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any creditor. 11 U.S.C. Section 1327(a) provides:

    *"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."*

7. Once the debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.

This _28_ day of May, 2010.

Robert H. Zipperer
224 S. Beach St., Suite 202
Daytona Beach, FL 32114
Florida Bar Number: 196525
(386) 226-1151
(386) 238-3956 – facsimile

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the Second Amended Chapter 13 Plan has been furnished by U.S. Mail or electronically mailed to all interested parties of the attached mailing matrix (obtained from the clerk's officer within 10 days prior to the date of service), this _____ day of May, 2010.

Robert Zipperer
Attorney for Debtors